# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA AUDIT, <br><br> Plaintiff, <br><br> v. <br><br> SCHEDULE A DEFENDANTS, <br><br> Defendants. | Civil Action No. 2:25-cv-01609 <br><br> Judge Stickman |

## MOTION TO WITHDRAW AS COUNSEL

The undersigned counsel for Defendant liliZUbu (Def. No. 89), He Cheng, respectfully moves to withdraw as counsel in the above-captioned matter and states as follows:

## BACKGROUND

1. On February 23, 2026, the undersigned counsel filed an appearance on behalf of multiple Defendants, including liliZUbu [Dkt. No. 26].

2. On March 6, 2026, the undersigned counsel was contacted by Daocai Yang, the owner of liliZUbu, who initially informed counsel that liliZUbu's online store is no longer in business and that liliZUbu does not wish to defend itself further in this matter.

3. On or about March 9, 2026, Daocai Yang conveyed liliZUbu's decision not to defend this matter. Given this position, counsel advised liliZUbu regarding its rights and obligations, as well as the legal consequences of not participating in the proceedings, including the possibility of entry of default and default judgment. Daocai Yang confirmed that liliZUbu will not participate in any further proceedings, respond to any subsequent court actions or orders, or oppose the entry of default.

1

**LEGAL ARGUMENT**

A motion to withdraw appearance of counsel should be granted given "reasonable cause and upon reasonable notice." *Novinger v. E.I. DuPont de Nemours &Co., Inc.*, 809 F.2d 212, 218 (3d Cir. 1987). The Western District of Pennsylvania's Local Rule of Civil Procedure 83.2(C)(4) provides that "[i]n any civil proceeding, no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing of a written motion. The motion must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature."

In analyzing whether to allow withdrawal, a court weighs four factors: (1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action. *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa.1998).

Here, good cause and reasonable notice support the request to withdraw. liliZUbu's owner, Daocai Yang, unequivocally confirmed liliZUbu's decision not to defend this matter. Counsel also advised liliZUbu of its rights and obligations and the consequences of non-participation.

Allowing withdrawal will not prejudice any party, interfere with the administration of justice, or delay the case. liliZUbu has elected not to participate and does not oppose the entry of default, and Plaintiff remains free to pursue appropriate relief without delay. Because the client will not authorize a defense, counsel cannot meaningfully advance the litigation.

While the successor counsel is unknown, in accordance with Local Civil Rule 83.2(C)(4), counsel provides the client's contact information: liliZUbu, Attn: Daocai Yang, Address: No. 19,

Xuezhuang, Geying Village, Rangdong Town, Dengzhou City, Nanyang City, Henan Province, China, 474150, Telephone: +86 18337768241.

WHEREFORE, the undersigned counsel respectfully moves that this Court grant leave to withdraw as counsel of record for liliZUbu in this matter.

Date: March 9, 2026                                     Respectfully submitted,

/s/ *He Cheng*
He Cheng | Attorney (NYS Bar# 5665617)
Palmer Law Group P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
rcheng@palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

      This is to certify that on March 9, 2026, I filed the foregoing with the Court's CM/ECF electronic filing system, which automatically generates notice and service upon all counsel of record.

| | |
|---|---|
| Date: 3/9/2026 | /s/ *He Cheng* |
| | He Cheng \| Attorney |