IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA AUDIT,

                    Plaintiff,                         Civil Action No. 25-cv-1609

v.

LILIZUBU, *et al.*,                                    Judge Stickman

                    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiff submits this Memorandum in Support of her Motion for Default Judgment

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure seeking entry of judgment

against the defaulting Defendants.

## I.        INTRODUCTION

Defendants are sellers of products that infringe Plaintiff's copyrights on at least one of

the online marketplaces operated by Amazon.com, Temu.com, and Walmart.com. Plaintiff sued

Defendants asserting one claim for federal copyright infringement under 17 U.S.C. § 501(a).

Plaintiff has settled with some of the Defendants. Some Defendants have responded and are not

included on the Amended Schedule "A"; therefore, this Default Judgment, if granted, will not

close the case. The non-settling Defendants (the "Defaulting Defendants") have been properly

served pursuant to Fed. R. Civ. P. 4 but chose not to respond (presumably because they have no

defense to their blatant infringement).  On March 23, 2026 the Clerk entered default against the

Defaulting Defendants. [ECF No. 51]. Plaintiff also served discovery upon the Defaulting

Defendants but the Defaulting Defendants failed to respond to the discovery. Plaintiff then filed a Motion for Default Judgment.

By their default, the Defaulting Defendants have conceded the truth of the allegations in the Complaint.  By their failure to respond to Plaintiff's requests for admission, the Defaulting Defendants have admitted the matters therein.  Under these admitted facts, Plaintiff submits that default judgment is warranted and that the judgment should include: (1) an award of damages under the Copyright Act in the amount of $150,000 in statutory damages against each Defaulting Defendant in the Amended Schedule A; (2) permanent injunctive relief precluding future infringements of the copyrights that are the subject of this action; and (3) the release and transfer of the Defaulting Defendants' assets from the accounts frozen by this Court's previous orders to be applied to the damages awarded to Plaintiff and requiring the payment of future amounts paid into each Defaulting Defendant's accounts until the judgment against that Defaulting Defendant is paid in full.

## II.    ARGUMENT

### A. This Court has Jurisdiction to Enter Default Judgment Against the Defaulting Defendants.

This Court has subject-matter jurisdiction over this action pursuant to Copyright Act, 17 U.S.C. § 101, and 28 U.S.C. §§ 1331 and 1338.  The Court has personal jurisdiction over Defaulting Defendants pursuant to the Pennsylvania long-arm statute, 42 Pa. Cons. Stat § 5322. *See Complaint*, ¶¶ 3-5 [ECF No. 1].

### 1. The Court May Exercise Personal Jurisdiction over Defaulting Defendants Pursuant to 42 Pa. Cons. Stat. § 5322

Pennsylvania state law provides that Pennsylvania courts' exercise of personal jurisdiction is authorized "to the fullest extent allowed under the Constitution of the United

States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)); *Hammons v. Ethicon, Inc.*, 240 A.3d 537, 548 (Pa. 2020).

Pennsylvania's long -arm statute is, therefore, coextensive with the Due Process Clause. *Gentex Corp. v. Abbott*, 978 F. Supp. 2d 391, 395 (M.D. Pa. 2013). Although the personal jurisdiction analysis typically entails consideration of both the forum state's long-arm statute and constitutional due process, when the long-arm statute is co-extensive with the Due Process Clause, these two steps consolidate into one analysis of due process. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.,* 75 F.3d 147, 150 (3d Cir.1996) ("Pennsylvania's long-arm statute provides that its reach is coextensive with the limits placed on the states by the federal constitution. We therefore look to federal constitutional doctrine to determine [a defendant's] susceptibility to personal jurisdiction in Pennsylvania.").

The Third Circuit has held that for an exercise of personal jurisdiction to satisfy due process, the defendant must have sufficient "minimum contacts" with the forum and subjecting the defendant to the court's jurisdiction must comport with traditional notions of fair play and substantial justice. *Vetrotex Certainteed Corp.,* 75 F.3d at 150. The Supreme Court has defined "minimum contacts" as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)).

In the context of a default judgement, the plaintiff's burden to demonstrate the existence of personal jurisdiction is satisfied by making a prima facie showing. *Mellon Bank (East) PSFS,*

*Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d. Cir. 1992) (citing *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.,* 819 F.2d 434 (3d Cir. 1987)). The burden on the plaintiff is lessened because the defendant's failure to participate in the litigation deprives plaintiff of the opportunity to conduct jurisdictional discovery. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (courts must permit jurisdictional discovery unless the plaintiff's claim is clearly frivolous); *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) ("the absence of the defendants counsels greater flexibility toward the plaintiffs because it impedes their ability to obtain jurisdictional discovery.").

Plaintiffs may satisfy their burden by relying on allegations in their pleadings, which are deemed admitted as a consequence of the default. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1146 (3d. Cir. 1990). Plaintiffs may also submit affidavits and other written materials to meet their burden. *D'Onofrio v. Mattino*, 430 F. Supp. 2d 437 (E.D. Pa. 2006). A plaintiff has made a prima facie showing of minimum contacts so long as there is a substantial reason to believe that the defendant purposefully directed its activities to Pennsylvania based on these records. *Gen. Nutrition Inv. Co.,* 2020 WL 5077465, at *1 (W.D. Pa. 2020).

Here, the complaint alleges, and the Defaulting Defendants have admitted, that Defendants chose to use the Amazon, Temu, and/or Walmart online marketplaces knowing that those distribution networks would generate sales from all 50 states, including Pennsylvania. *Complaint,* ¶ 5.a. The Defaulting Defendants structured their accounts to serve Pennsylvania customers, providing for shipping into Pennsylvania and for the collection of Pennsylvania sales tax. *Complaint,* ¶ 5.c.  After establishing their accounts, each Defaulting Defendant made actual sales to Pennsylvania customers. *Complaint,* ¶ 24. These established facts provide a basis for this Court's personal jurisdiction over the Defaulting Defendants. *Grzegorek v. All Credit Fin., Inc.,*

- 4 -

No. 2:08-CV-771, 2009 WL 3731799, at *2 (W.D. Pa. Nov. 6, 2009).

Although the Third Circuit has yet to issue an opinion addressing personal jurisdiction over an online seller like the defendants in this case, four other circuits have and these courts are unanimous that sales into the forum state establish personal jurisdiction. In *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023), the plaintiff brought suit in Arizona against New York residents who were unauthorized sellers of the plaintiff's products through two Amazon storefronts.  The complaint alleged that the defendants sold products to Arizona residents "through the regular course of business," although the plaintiff was unable to allege the exact number of sales made to Arizona customers because the plaintiff did not have access to the defendants' sales data prior to conducting jurisdictional discovery.  *Herbal Brands*, 72 F.4th at 1089.  Based on the allegations in the complaint, the Ninth Circuit held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum." *Id.* at 1093.

In *NBA Props. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577 (2023), the Seventh Circuit affirmed the district court's entry of a default judgment against a Chinese seller exercising personal jurisdiction based on a single sale to a customer who was located in Illinois.  As the Seventh Circuit stated, the defendant "shipped a product to the forum only after it had structured its sales activity in such a manner as to invite orders from Illinois and developed the capacity to fill them." *NBA Props.,* 46 F.4th at 622.

To reach this conclusion, the Seventh Circuit acknowledged that "specific personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum." *Id.* at 619.  Rather it is necessary that the retailer "'stand ready and

willing to do business with' residents of the forum and then 'knowingly do ... business with' those residents." *Id.* (cleaned up). The Seventh Circuit found that the defendant's single sale in Illinois "certainly can be characterized as purposeful.  It established an online store, using a third-party retailer, Amazon.com.  Through this online store, it unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so.  When an order was placed, it filled the order, intentionally shipping an infringing product to the customer's designated Illinois address."  *Id.* at 624.

In *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2013), the Eleventh Circuit held that a nonresident defendant was subject to jurisdiction in Florida in accordance with due process because the defendant had sold allegedly infringing goods to Florida residents through its website.

In *American Girl, LLC v. Zembrka,* 118 F.4th 271 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1130 (2025), the Second Circuit found that by accepting an order from a New York resident, the defendant was subject to personal jurisdiction even though the defendant cancelled the order after learning of the lawsuit and did not actually ship the infringing product into New York (a substantially weaker set of facts than those alleged and admitted in this case).  The Second Circuit held that, by transacting business in New York, the defendant "purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Id.* at 279.  In fact, the Second Circuit concluded, the defendant's transaction of business in New York was a "quite strong" demonstration of the minimum contacts necessary to support personal jurisdiction.  *Id*.

Within the Western District of Pennsylvania and other districts within the Third Circuit, multiple judges have found personal jurisdiction over sellers on Amazon.  Nearly five years ago,

Judge Schwab refused to set aside a default on the basis of lack of personal jurisdiction. *Talisman Designs, LLC v. Dasani*, No. 20-cv-1084 (W.D. Pa Oct. 13, 2020). Judge Schwab stated, "[c]ommerce just like this over the internet, even specifically through Amazon, has been found to support a finding that a Court can properly exercise personal jurisdiction over a China-based infringer, even if the infringer has no physical presence in the United States."

Earlier this year, Judge Stickman refused to vacate a preliminary injunction that the defendants challenged on the basis of lack of personal jurisdiction. *Chen v. Adediy*, No. 24-cv-1516, 2025 WL 1146534 (W.D. Pa. March 5, 2025). As Judge Stickman stated, "[Plaintiff] has made the requisite showing of minimum contacts needed for the Court to exercise personal jurisdiction over Defendants as they offer to sell and sell infringing products to consumers residing in the United States, including Pennsylvania residents in this judicial district, through Defendants' online storefronts (e.g., Amazon.com, Wal-mart.com/Walmart, Alibaba.com)." *Id.* at 4 n.2.

Judge Bissoon issued a preliminary injunction in April of this year against defendants who argued they were not subject to personal jurisdiction of the court. *Shu v. Grand Di*, No. 24-cv-1643 (W.D. Pa. Apr. 11, 2025). Judge Bissoon found that the plaintiff had demonstrated the requisite showing of minimum contacts needed for the court to exercise personal jurisdiction over the defendants, relying on evidence of the defendants "offering to sell and selling infringing products to consumers residing in Pittsburgh." *Id*. at 10 n.3. Judge Bissoon explained that "Plaintiff's injury stems from such actions, and the Court sees no unfairness in subjecting [the defendants] to this jurisdiction given that they structured their online storefronts to serve consumers across the nation, if not the globe, including Pennsylvania." *Id.*

Judge Stickman also issued a preliminary injunction in April against defendants selling

allegedly infringing products on online stores including Amazon who argued they were not subject to personal jurisdiction of the court. *Zhang v. AAGGO*, No. 25-cv-85, 2025 WL 1158909 (W.D. Pa. Apr. 21, 2025). Judge Stickman found specific personal jurisdiction because "Defendants made sales to Pennsylvania residents, and more specifically, residents within the Western District, as evidenced by the receipt of sale with the [Plaintiff's] Declarations." *Id.* at *4. *See also BGSD, Inc. v. SpazeUp, LLC*, No. 5:23-CV-4855, 2024 WL 1619279, at *3 (E.D. Pa. Apr. 15, 2024) (authorizing personal jurisdiction based on an Amazon sale into Pennsylvania).

### B. Plaintiff is Entitled to a Default Judgment against the Defaulting Defendants.

#### 1. The Clerk Properly Entered Default as to the Defaulting Defendants.

The Clerk of this Court enters a default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk entered default against the Defaulting Defendants because, as the docket reflects, the time for filing a responsive pleading expired and the Defaulting Defendants have not entered appearances, filed answers, or taken any other action to defend this action.

#### 2. Factual Allegations Establish the Defaulting Defendants' Liability.

Under the Copyright Act, a plaintiff must demonstrate two elements to establish an infringement claim: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). (17 U.S.C. § 501(a)). Paragraph 10 of the complaint alleges that Plaintiff owns United States Copyright Registration No. VA 2-420-419 (the "Under the Sun I Work") and that those

registrations are valid, subsisting, and in full force and effect. These allegations, admitted by virtue of the defaults, properly establish the first element of Plaintiff's copyright infringement claim.

Paragraph 1 of the complaint shows the comparison between Plaintiffs copyrighted works and the Defendants' infringing images. As can be seen by the images, they are the exact same as Plaintiff's copyrighted works. The complaint further alleges that the Defendants copied Plaintiff's copyrighted works in Paragraph 24. Accordingly, the allegations in the complaint also satisfy the second element of Plaintiff's copyright infringement claim.

In addition to the factual allegations in the Complaint, the Defaulting Defendants have made the following admissions by failing to respond to the Requests for Admission served upon them:

- At all times relevant hereto, Plaintiff owned U.S. Copyright Registraton No. VA 2-420-419 ("Plaintiff's Works") and Defendant knew that Plaintiff had the exclusive right to use and license their intellectual property and the goodwill associated therewith.

- Despite having the knowledge that you had no license or legal authority to do so, you engaged in the activity of promoting and otherwise advertising, selling, offering for sale, and/or distributing Infringing Products featuring, displaying, and/or using Plaintiff's Works without authorization under your Seller ID(s) and/or Merchant Storefront(s).

- At all times relevant hereto, you have been engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and/or sale of goods that are infringements and/or unauthorized copies of genuine Plaintiff's Products.

- You intentionally copied and/or infringed on Plaintiff's Works.

- You intentionally make, use, offer to sell, or import into the United States infringing and/or unauthorized copies of Plaintiff's Products in connection with English language product listings, packaging, and instructions.

(Declaration of Stanley D. Ference III, ¶ 5, filed herewith). These admitted facts further support a finding of copyright infringement.

### 3. Plaintiff is Entitled to Statutory Damages Under the Copyright Act.

Under the Copyright Act, a plaintiff is entitled to an award of statutory damages of up to $150,000 per willful copyright infringement. 17 U.S.C. § 504(c)(2). The complaint alleges, and the Defaulting Defendants have admitted, that the Defaulting Defendants willfully infringed Plaintiff's copyrighted images for profit. *See Complaint* at ¶¶ 25, 33, 34, and 38.  *See Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (infringement is deemed willful "[b]y virtue of the default"). Because Defaulting Defendants willfully infringed Plaintiff's copyrighted images to sell knockoff goods, Plaintiff is entitled to statutory damages of $150,000 per infringement of copyrighted image per Defaulting Defendant.

In *Evony, LLC v. Holland*, No. 2:11- CV-00064, 2011 WL 1230405 (W.D. Pa. Mar. 31, 2011), Judge McVerry awarded the maximum statutory copyright damages of $300,000 ($150,000 for each of the two works infringed) as a deterrent against the defaulting defendant for its willful infringement of the plaintiff's copyrighted works. Likewise, Chief Judge Hornak has also awarded the maximum statutory damages for each instance of copyright infringement committed by each defendant. *See Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020); *Doggie Dental v. Go Well*, 19-1282 (W.D. Pa., August 14, 2020); *Doggie Dental v. Worthbuye*r, 19-1283 (W.D. Pa., August 14, 2020).

The complaint alleges that all 213 defendants in this case committed at least one act of willful copyright infringement against one of the Plaintiff's Works. *Complaint* at ¶¶ 25, 33.

Based on this admitted fact, each Defaulting Defendant is liable for $150,000 in statutory damages, plus Plaintiff's attorney fees and expenses. 17 U.S.C. § 504(c).

### 4. Plaintiff Requests That This Court Order the Transfer to Her of Remaining Assets in Defaulting Defendants' Accounts

Plaintiff requested a temporary restraining order and preliminary injunction to prevent Defendants from transfering the funds held in their online accounts beyond this Court's jurisdiction. [ECF No. 17 and 37] This Court granted the temporary restraining order and preliminary injunction, preventing Defendants from accessing the funds in their accounts. [ECF No. 17 and 37] This Court found that Plaintiff had established a likelihood of success on the merits and irreparable harm in the absence of a temporary restraining order and preliminary injunction. *See id.*

The total amount that is frozen in all of the Defaulting Defendants' accounts is only $228,519.74 which is far less than the total amount of statutory damages applicable to the Defaulting Defendants' conduct. Unfortunately, because the sellers of infringing products on online platforms typically register their storefronts under fictitious names and provide fictitious addresses, the frozen funds are likely Plaintiff's only source of recovery.

Accordingly, Plaintiff submits that the default judgment should direct that the online platforms tender all of the frozen funds to Plaintiff. In the absence of such an order, it is likely that Plaintiff will be left without any effective means by which to collect from Defaulting Defendants any monetary judgment entered by this Court. As explained, previously, Defaulting Defendants and any assets they own, other than those held in their respective online accounts, are presumably located in China. There is no bilateral treaty or mulitlateral convention in force between the United States and any other country on reciprocal recognition and enforcement of

judgments. Moreover, as explained in some detail previously, Defaulting Defendants are involved in illegal counterfeiting operations and go to great lengths to conceal their identities and whereabouts. As a result, even in the unlikely event that Plaintiff could enforce a U.S. judgment in the Chinese courts, it will be virtually impossible to locate Defaulting Defendants or any assets they may hold in order to satisfy any monetary damages awarded in this case.

Such orders are routinely entered by our Courts to satisfy monetary judgment awards in similar cases. *See Aquapaw Brands LLC v. Fed Store, et al.*, No. 23-cv-1460 (Weigand, J.) [ECF No. 74]; *Nifty Home Products, Inc. v. Kafa Company, et al.*, No. 22-cv-1694 (W.D. Pa., September 12, 2023) (Colville , J.) [ECF No. 77]; *Talisman Designs, LLC v. Ahappyday*, No. 20-cv-1915 (W.D. Pa, February 24, 2022) (Colville, J) [ECF No. No. 79]; *Talisman Designs v. Angelworld*, No. 21-cv-1292 (W.D. Pa., February 24, 2022) (Colville, J); *Doggie Dental v. Ahui*, 19-1627 (September 27, 2021) (Hornak, CJ); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.); *Rapid Slicer LLC v. Art-House*, No. 19-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.); and *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.); *Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-1282(W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ).

## 5. Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff seeks entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Under the Sun I Work listed above, making permanent the injunctive relief previously awarded by this Court to Plaintiff in the temporary restraining order and preliminary injunction. Pursuant

to the injunction, Defaulting Defendants and their affiliates would be permanently enjoined and restrained from using the Plaintiff's work or any reproductions, copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized reproduction of the Plaintiff's works or is not authorized by Plaintiff. In addition, those in privity with Defaulting Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, and web hosts for the Defendant Merchant Storefronts, shall disable and cease providing services for any accounts through with defendants engage in the sale of products not authorized by Plaintiff which reproduce the Plaintiff's Work or are derived from the Under the Sun I Work, cease displaying advertisements, and take all steps necessary to prevent links to the Defaulting Defendant accounts identified within the Schedule A from displaying search results for the Defaulting Defendant accounts.

A permanent injunction, like the requested damages under the Copyright Act, would also help deter other individuals or corporations from infringing Plaintiff's valuable copyright rights. Plaintiff has set forth evidence demonstrating her entitlement to injunctive relief in her briefs in support of the temporary restraining order (TRO) and that evidence remains unrebutted, but now the supporting allegations are deemed admitted.

Additionally, entry of a permanent injunction against Defaulting Defendants in this case will help expedite any future litigations between the Defaulting Defendants and Plaintiff if a case between the parties arises in the future. This equitable result would be in the interest of justice and provide Plaintiff with more flexibility to protect her intellectual property rights. As such, permanent injunctions are routinely entered by other courts in similar online counterfeiting cases.

- 13 -

*See Nifty Home Products, Inc. v. Kafa Company, et al.*, No. 22-cv-1694 (W.D. Pa., September 12, 2023) (Colville , J.) [ECF No. 77]; *Talisman Designs, LLC v. Ahappyday*, No. 20-cv-1915 (W.D. Pa, February 24, 2022) (Colville, J) [ECF No. No. 79]; *Talisman Designs v. Angelworld*, No. 21-cv-1292 (W.D. Pa., February 24, 2022) (Colville, J); *Doggie Dental v. Ahui*, 19-1627 (September 27, 2021) (Hornak, CJ); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.); *Rapid Slicer LLC v. Art-House*, No. 19-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.); *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.);  *Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-1282 (W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Airigian v. Bufugiujan, et al.*, 18-cv-1330-NBF and *Airigan v. Artifacts-Selling, et al*, 18-cv-1462-NBF, and *Airigan v. Babymove, et al.*, 19-cv-166-NBF.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: grant Motion for Default Judgment; enter judgment against the Defaulting Defendants for federal copyright infringement; permanently enjoin the Defaulting Defendants; award Plaintiff statutory damages for copyright infringement pursuant to 17 U.S.C. § 504(c); award Plaintiff pre-judgment interest and post-judgment interest on the damages awards; order the online platforms to transfer the Defaulting Defendants' assets held their accounts to Plaintiff; and grant such further relief as this Court deems appropriate.

[SIGNATURE APPEARS ON FOLLOWING PAGE]

Respectfully submitted,

- 14 -

Dated:  April 7, 2026                    /s/ Stanley D. Ference III
                                         Stanley D. Ference III
                                         Pa. ID No. 59899
                                         courts@ferencelaw.com

                                         FERENCE & ASSOCIATES LLC
                                         409 Broad Street
                                         Pittsburgh, Pennsylvania 15143
                                         (412) 741-8400 - Telephone
                                         (412) 741-9292 – Facsimile

                                         Attorneys for Plaintiff